IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3176-FL

| | | |
|---|---|---|
| EDDIE GAMBLE, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VERNESSA CRADDOCK and LIEUTENANT WRIGHT, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on plaintiff's motions for declaratory relief (DE 74, 75), motion to waive costs (DE 81), and motion to consolidate (DE 82). Defendant Vernessa Craddock ("Craddock") did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

On September 13, 2011, plaintiff, a federal inmate incarcerated at the Federal Correctional Institution in Butner, North Carolina ("Butner"), filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Craddock as well as L.T. Wright ("Wright"). Plaintiff alleged that Craddock acted with deliberate indifference to inmate-on-inmate violence in violation of the Eighth Amendment to the United States Constitution. The court subsequently dismissed White from this action without prejudice.

On May 28, 2013, the court entered an order granting Craddock's November 9, 2012, motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies

prior to filing this action. The court dismissed the action without prejudice. Plaintiff subsequently filed two motions for reconsideration, which this court denied with a text order on August 21, 2013. Plaintiff then filed two motions for declaratory relief, a motion to waive costs, and a motion to consolidate.

**DISCUSSION**

The court begins with plaintiff's motions for declaratory judgment and motion to consolidate. Plaintiff has filed a notice of appeal in this case. A notice of appeal divests a district court's jurisdiction over a matter, while conferring jurisdiction on the court of appeals. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982) (per curiam). Accordingly, because plaintiff filed a notice of appeal, the court no longer has jurisdiction over plaintiff's claim and his motions for declaratory judgment and to consolidate are DENIED.

To the extent plaintiff's motions for declaratory judgment could be construed as motions for reconsideration, the motions are DENIED. Plaintiff's motions are difficult to follow. It appears that plaintiff is arguing that he exhausted his administrative remedies for an Eighth Amendment medical-related claim in a separate action, Gamble v. Onuoha, 5:13-CT-3136-F (E.D.N.C. filed May 30, 2013). This does not establish exhaustion in the instant action.

The court now turns to plaintiff's motion to waive costs. In his motion, plaintiff requests that the court send him a free copy of the court's docket sheet in this action. The Clerk of Court provided plaintiff with a free copy of the court's docket sheet on October 23, 2013. Thus, plaintiff's motion is DENIED as MOOT.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for declaratory judgment (DE 74, 75) and motion to consolidate (DE 82) are DENIED. Plaintiff's motion to waive costs (DE 81) is DENIED as moot.

SO ORDERED, this the 3rd day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge